**George DUPREE, Plaintiff-Appellant,**

v.

**HUTCHINS BROTHERS et al., Defendants-Appellees.**

No. 75–1727

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 15, 1975.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Frank Herrera, Jr., San Antonio, Tex., for plaintiff-appellant.

Terry S. Bickerton, San Antonio, Tex., for defendants-appellees.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

■ Appellant alleges that the district court erred in finding that Appellee, Hutchins Bros. et al, did not violate Title VII of the Civil Rights Act of 1964 when it assigned Appellant the duties of performing janitorial work. This delegation of duties and Appellant's subsequent refusal to perform them led to the discharge or resignation of Appellant from his position with Appellee. Appellant also alleges that the district court erred in finding that Appellant was employed as head of shipping with Appellee prior to his discharge or resignation. Since there is ample evidence in the record to support the findings of the district court, we find them not to be clearly erroneous. Fed.R.Civ.P. 52(a).

■ Appellant also alleges that the district court erred when it granted Appellee's motion for partial summary judgment on the issue of Appellee's alleged failure to promote Appellant to head of receiving. Appellant contends on appeal that even if he failed to file his charge of failure to promote with the E.E.O.C. within 180 days of the alleged violation as required by 42 U.S.C. § 2000e–5(e), such conduct constituted a separate cause of action based on 42 U.S.C. § 1981. As Appellee properly contends, Appellant's 42 U.S.C. § 1981 cause of action based on the issue of

Appellee's failure to promote Appellant to the position of head of receiving is barred by the statute of limitations. The United States Supreme Court case of *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), states that "Since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one provided by state law." 421 U.S. at 462, 95 S.Ct. at 1721. The applicable statute of limitations in Texas is Vernon's Tex.Civ.Stat. Ann. art. 5526, which requires that an action be brought within two years of the act forming the basis for the suit. *Johnson v. Goodyear Tire & Rubber Co.*, 491 F.2d 1364, 1379 (5th Cir. 1974). The act in question, the promotion of Mr. Brock to head of receiving, occurred on May 3, 1971.[1] This suit was not filed until October 10, 1973, well after the statute had run. Nor was the statute of limitations tolled by the pendency of Appellant's administrative complaint with the E.E.O.C. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 1721–1723, 44 L.Ed.2d 295 (1975).

The district court failed to dispose of Appellant's claim that the assignment of janitorial duties to him by Appellee violated 42 U.S.C. § 1981 in its conclusions of law; however, the district court properly ruled against Appellant's on their claim for relief. Section 1981 states that all persons within the United States shall have equal rights under the law and provides a remedy for discriminatory labor practices. *Belt v. Johnson Motor Lines, Inc.*, 458 F.2d 443 (5th Cir. 1972). The district court's finding of fact that there was no evidence that Appellee discriminated against the Appellant on the basis of race or otherwise is supported by ample evidence in the

record and negates any possible violation of 42 U.S.C. § 1981.

The judgment of the district court is therefore affirmed.

---

1. This fact is established, and may be found in Appellant's first amended original complaint and in the pre trial order.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.