E. J. LAUREL, Plaintiff-Appellant,

v.

UNITED STATES of America et al.,
Defendants-Appellees.

No. 74–3746.

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1977.

David T. Lopez, Houston, Tex., for plaintiff-appellant.

Anthony J. P. Farris, U. S. Atty., Jack Shepherd, Asst. U. S. Atty., Houston, Tex., for defendants-appellees.

Charles Stephen Ralston, New York City, amicus curiae for NAACP Legal Defense & Educational Fund, Inc.

Before THORNBERRY, SIMPSON and MORGAN, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant E. J. Laurel filed a formal complaint with the Equal Employment Opportunity Commission on June 12, 1972, alleging that he was discriminated against by the Bureau of Customs of the Department of Treasury. This complaint was subsequently withdrawn on June 25, 1972. An amended formal complaint was filed on August 31, 1972, incorporating the original charges. Appellant elected to have a decision made on his complaint without an administrative hearing, and was notified of an adverse decision on December 20, 1972. Instead of appealing to the Civil Service Commission, appellant chose to file the instant civil action in federal district court pursuant to 42 U.S.C. § 2000e–16(c). The United States District Court for the Southern District of Texas held that the Department of Treasury was entitled to judgment as a matter of law.

Two basic issues are involved in this appeal: (1) whether the 1972 Amendments to the Civil Rights Act of 1964 are applicable to appellant's claim, which is based upon alleged acts of discrimination that occurred prior to March 24, 1972, the effective date of the Amendments; and (2) whether appellant is entitled to a trial de novo in the district court.

I.

The first issue was also presented to this court in *Eastland v. Tennessee Valley Authority*, 547 F.2d 908 (5 Cir. 1977). In our opinion in *Eastland* we held that the 1972 Amendments to Title VII may be retroactively applied to federal employees who

918

have administrative complaints pending at the time that the Amendments became effective on March 24, 1972. 547 F.2d at 911, *citing Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Since Laurel's administrative complaint was filed on June 12, 1972, several months after the 1972 Amendments became effective, we hold that the remedy provided by 42 U.S.C. § 2000e–16 for federal employees alleging employment discrimination was available to him.

## II.

The second issue raised in this appeal was resolved for us by the United States Supreme Court in *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976). The Supreme Court held in *Chandler* that the 1972 Amendments give federal employees the same right to a trial de novo of employment discrimination claims that private sector employees possess under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5.

Accordingly, the judgment of the district court is REVERSED AND REMANDED for a trial de novo of appellant's Title VII claim.