James N. ELLIOTT, Plaintiff-Appellant,

v.

STANDARD OIL COMPANY OF
TEXAS, Defendant-Appellee.

No. 75–3710.

United States Court of Appeals,
Fifth Circuit.

May 9, 1977.

Janet Ruesch, El Paso, Tex., for plaintiff-appellant.

Raj K. Gupta, E. E. O. C., Washington, D. C., amicus curiae.

J. F. Hulse, El Paso, Tex., for defendant-appellee.

Before GEWIN, RONEY and HILL, Circuit Judges.

PER CURIAM:

Plaintiff filed suit alleging racial discrimination under the provisions of 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e *et seq.* The district court dismissed a § 1981 claim on the ground that it was barred by the applicable statute of limitations.[1] The case proceeded to trial on the Title VII claim. As to the discharge, the court below concluded *inter alia* that, "defendant discharged Plaintiff for good and sufficient reasons not connected with racial discrimination as charged in the Complaint, and it is entitled to a Judgment in this action."

As to the claim of discrimination with respect to overtime, and disparate treatment while employed, the district court concluded that "Defendant did not discriminate against Plaintiff on the basis of race. . . in terms, conditions and privileges of employment, while Plaintiff was an employee of Defendant."

---

1. Plaintiff was terminated on November 5, 1970 and his complaint was filed on September 12, 1973, which was longer than the two years provided in the applicable Texas statute of limitations. *Johnson v. Goodyear Tire and Rubber Co.*, 491 F.2d 1364, 1379 n.49 (5th Cir. 1974). We find it unnecessary to determine whether the filing by plaintiff of a charge with the EEOC on December 11, 1970 tolled this limitations period. In other words, we do not decide whether *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), should be applied retroactively. *See Dupree v. Hutchins Bros.*, 521 F.2d 236 (5th Cir. 1975).

After a careful and full consideration of the record, briefs and oral argument, we are not persuaded that the district court erred in these findings. These conclusions would defeat any claim under § 1981 on the merits.

.  The judgment is AFFIRMED.