552 F.2d 596
 14 Fair Empl.Prac.Cas. 1601, 14 Empl. Prac.
Dec. P 7562
Helen WILLIAMS, Individually and on behalf of all others
similarly situated, Plaintiffs-Appellees,
v.
PHIL RICH FAN MANUFACTURING CO., INC., Defendant-Appellant.
 No. 76-2959.
 United States Court of Appeals,
Fifth Circuit.
 May 18, 1977.
 
 Philip J. Pfeiffer, Gerald T. Holtzman, Houston, Tex., for defendant-appellant.
 Leslie Thacker, Henry M. Rosenblum, Robert B. O'Keefe, Houston, Tex., for plaintiffs-appellees.
 Appeal from the United States District Court for the Southern District of Texas.
 Before SIMPSON, GEE and HILL, Circuit Judges.
 SIMPSON, Circuit Judge:
 
 
 1
 On this appeal we deal with a single narrow issue: whether the no-tolling rule of Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), as to actions arising under Title 42, U.S.C. § 1981, by reason of the filing of a Title VII complaint with the Equal Employment Opportunity Commission (EEOC), applies retroactively to cases pending at the time of that decision. We permitted an appeal under Title 28, U.S.C. § 1292(b) from the district court's denial of summary judgment in order to consider the question. We hold that the no-tolling rule applies retroactively and reverse the district court.
 
 
 2
 The question arises in the following circumstances. The employment of Helen Williams, the plaintiff-respondent, a black employee of Phil Rich Fan Manufacturing Co., Inc., (Phil Rich) was terminated due to lay off on November 25, 1970. Williams filed written charges with the EEOC on May 14, 1971, alleging discrimination against her by Phil Rich in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. Three years later on May 29, 1974, the EEOC found reasonable cause to believe that Phil Rich had violated Title VII. On September 19, 1974, Williams received her "Right to Sue" letter from the EEOC. She filed suit within two weeks thereafter in the trial court, on behalf of herself and others similarly situated, alleging violations of both Title VII, 42 U.S.C. §§ 2000e et seq. and 42 U.S.C. § 1981, charging Phil Rich with a broad pattern of racial discrimination in employment against blacks and seeking injunctive and other relief. Jurisdiction was alleged under 28 U.S.C. § 1343(4).
 
 
 3
 On November 14, 1974, Phil Rich filed a motion to dismiss plaintiff's causes of action arising under Title VII and Section 1981, on the grounds that plaintiff did not timely file her discrimination charges with the EEOC,[1] and had further failed to file her Section 1981 action within the two-year period prescribed by the applicable Texas statute of limitations. Tex.Rev.Civ.Stat.Ann. title 91, art. 5526 (Vernon).
 
 
 4
 The district court by order of March 5, 1975 granted plaintiff's motion to dismiss plaintiff's Title VII claim for failure to timely file her claim with EEOC, but refused to dismiss the § 1981 claim. In so holding, the court placed primary reliance on this court's holding in Guerra v. Manchester Terminal Corp., 498 F.2d 641 (5 Cir. 1974).[2] The district court's order provided that "(i)n the event the eventual Supreme Court ruling in Johnson v. Railway Express Agency, Inc.,[3] merits further review of this issue, defendant may re-urge its motion."
 
 
 5
 On May 19, 1975, the United States Supreme Court decided Johnson v. Railway Express Agency, supra, holding that the statute of limitations applicable to an action brought under 42 U.S.C. § 1981 is not tolled during the pendency of proceedings before the EEOC, since for purposes of limitation the two types of claims are separate and distinct. Shortly thereafter, Phil Rich filed its supplemental motion to dismiss plaintiff's alleged cause of action under Section 1981, in light of the Johnson decision.
 
 
 6
 The district court denied defendant's motion by its order of October 3, 1975. While it recognized that Johnson overruled this Court's holding in Guerra, supra, the district court stated that "there is no indication in the (Supreme) Court's decision that the Johnson ruling is to have retroactive effect." App. 22.[4] This interlocutory appeal followed.[5]
 
 
 7
 The question of the retroactivity of Johnson v. Railway Express Agency, Inc., supra, has been addressed in various other federal courts outside the Fifth Circuit and a majority of those courts have applied Johnson retroactively. See, e. g., Patterson v. American Tobacco Co., 535 F.2d 257 (4 Cir. 1976); Greene v. Carter Carburetor Co., 532 F.2d 125 (8 Cir. 1976); Flores v. Dun & Bradstreet, Inc., 12 FEP 149 (S.D.N.Y.1976). But the Fifth Circuit is in a different position from courts in our sister circuits because of our prior decisions. We have held[6] that the running of the statute of limitations against a plaintiff's § 1981 claim is tolled during the pendency of administrative action of the EEOC on a related Title VII claim. See Boudreaux v. Baton Rouge Marine Contracting Co., 437 F.2d 1011 (5 Cir. 1971); Franks v. Bowman Transportation Co., 495 F.2d 398 (5 Cir. 1974); Guerra v. Manchester Terminal Corp., 498 F.2d 641 (5 Cir. 1974). For this reason plaintiffs in this circuit were led to expect a tolling of the statute, which was not the case in those courts where the prior rulings were contra. We view the distinction as requiring that we analyze the position.
 
 
 8
 In Dupree v. Hutchins Brothers, 521 F.2d 236 (5 Cir. 1975), we held that plaintiff's § 1981 cause of action was barred by the applicable statute of limitations,[7] and continued: "Nor was the statute of limitations tolled by the pendency of appellant's administrative complaint with the EEOC", citing Johnson v. American Railway Express Co., Inc., supra. The retroactivity question was not discussed, but of course the effect of Dupree was to apply Johnson retroactively. We agree that Johnson should be applied retroactively. Despite the argument of counsel for Helen Williams that the statement quoted above from Dupree was no more than dictum, we view it as a binding holding. But under the circumstances we think it best to set forth the reasons for our independent conclusion that retroactive application of Johnson is the sound course to be followed in this circuit.
 
 
 9
 In Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Supreme Court summarized the criteria to be considered in determining whether a judicial decision should be given retroactive application. In Chevron Oil, the Court stated:In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, see e. g., Hanover Shoe, Inc. v. United Shoe Machinery Corp., supra, 392 U.S. (481), at 496, 88 S.Ct. (2224), at 2233 (20 L.Ed.2d 1231), or by deciding an issue of first impression whose resolution was not clearly foreshadowed, see, e. g., Allen v. State Board of Elections, supra, 393 U.S. (544), at 572, 89 S.Ct. (817), at 835 (, 22 L.Ed.2d 1). Second, it has been stressed that "we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Linkletter v. Walker, supra, 381 U.S. (618), at 629, 85 S.Ct. (1731), at 1738 (14 L.Ed.2d 601). Finally, we have weighed the inequity imposed by retroactive application, for "(w)here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." Cipriano v. City of Houma, supra, 395 U.S. (701), at 706, 89 S.Ct. (1897), at 1900 (23 L.Ed.2d 647).
 
 
 10
 Id. at 106-107, 92 S.Ct. at 355, 30 L.Ed.2d at 306. As for the first criterion, Johnson overrules past precedent, at least in this circuit. Starting with Boudreaux, supra, we have followed the rule that a filing of a complaint with the EEOC tolled the running of the applicable statute of limitations as to the § 1981 action. In Guerra, supra, this Court was presented with an untimely EEOC filing but one which was accepted by the EEOC:
 
 
 11
 If the EEOC rejects a charge as untimely, the complainant may fairly be charged with notice that the statute of limitations is running on any claims under 42 U.S.C. § 1981. When, however, the EEOC accepts an apparently untimely complaint and proceeds with it as though nothing were amiss, the complainant acts not at all unreasonably in relying on the tolling principle of Boudreaux and Bowman, and in deferring court action on possible claims under § 1981 until the EEOC proceedings have run their course. It would be harsh indeed for him to learn subsequently that because viewed through the prism of judicial hindsight the EEOC complaint was defective ab initio, he will not be permitted to receive its anticipated tolling benefits for his § 1981 action.
 
 
 12
 * * * Where the EEOC has, without objection to the timeliness of a charge, proceeded with it in the usual manner, the attempt to utilize the EEOC will toll the running of limitations applicable to 42 U.S.C. § 1981. (Footnote omitted).
 
 
 13
 498 F.2d at 649.
 
 
 14
 Phil Rich's argument that existing precedent "simply was not clear" because other circuits were at odds with the holding of the Fifth Circuit deserves little weight. Respondent brought her suit in a district court bound by Fifth Circuit decisions.[8] Her expectation was that Fifth Circuit law would be applied, despite contrary law in other circuits. At least as to the law of this circuit, it is obvious that Johnson overruled "clear past precedent".
 
 
 15
 The second Chevron Oil criterion as to retroactivity requires that we "weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further retard its operation." In Johnson, the Supreme Court stated:
 
 
 16
 We have noted this possibility above and, indeed, it is conceivable, and perhaps almost to be expected, that failure to toll will have the effect of pressing a civil rights complainant who values his § 1981 claim into court before the EEOC has completed its administrative proceeding. * * *
 
 
 17
 But the fundamental answer to petitioner's argument lies in the fact presumably a happy one for the civil rights claimant that Congress clearly has retained § 1981 as a remedy against private employment discrimination separate from and independent of the more elaborate and time-consuming procedures of Title VII. Petitioner freely concedes that he could have filed his § 1981 action at any time after his cause of action accrued; in fact, we understand him to claim an unfettered right so to do. Thus, in a very real sense, petitioner has slept on his § 1981 rights. The fact that his slumber may have been induced by faith in the adequacy of his Title VII remedy is of little relevance inasmuch as the two remedies are truly independent.
 
 
 18
 We find no policy reason that excuses petitioner's failure to take the minimal steps necessary to preserve each claim independently.
 
 
 19
 421 U.S. at 465-466, 95 S.Ct. at 1722, 44 L.Ed.2d at 304-305.
 
 
 20
 One purpose of the rule announced in Johnson is apparently to bar claims that, regardless of validity, have been too long exposed and have become stale. Aware as we are of the reliance presumedly placed by Helen Williams on the past law of this circuit, we find persuasive our recent statement in Matter of S/S Helena, 529 F.2d 744, 748 (5 Cir. 1976). We observed there that "in deciding whether civil rules should be applied retroactively we think that the purpose of the rule should be given greater weight than the extent to which the parties relied on the law that existed before that rule was announced."
 
 
 21
 We think first of all Dupree is authoritative precedent for retrospective application of Johnson, binding in this circuit until overturned by this court en banc. But in case Dupree left any room for question, we now hold that Johnson is to be applied retroactively in the present case. The plaintiff's claim was presented beyond the statutory period allowed,[9] and was time-barred.
 
 
 22
 The judgment appealed from is reversed with directions to enter Summary Judgment for Phil Rich Fan Manufacturing Co., Inc.
 
 
 23
 REVERSED with Directions.
 
 
 
 [1]
 Within ninety days after the alleged unlawful employment practice occurred as required by U.S.C. § 2000e-5(e) prior to the 1972 amendment changing the period to one hundred eighty days. Pub.L. 92-261, § 4, Mar. 24, 1972, 86 Stat. 104. The plaintiff conceded below that the Title VII claim should be dismissed for lack of timeliness
 
 
 [2]
 In Guerra, this Court held that the filing of an EEOC charge, even though filed untimely, had the effect of tolling the statute of limitations applicable to actions commenced under § 1981
 
 
 [3]
 Johnson had been argued before the Supreme Court December 11, 1974, on writ of certiorari to the Sixth Circuit. That court's decision, 489 F.2d 525, (6 Cir. 1973) affirmed a Tennessee district court decision applying the Tennessee 1 year statute of limitations (Tennessee Code § 28-304) as a bar to § 1981 claims. Johnson, as noted in the text, was decided by the Supreme Court May 19, 1975
 
 
 [4]
 The trial court noted and relied upon Bush v. Wood Bros. Transfer, Inc., 398 F.Supp. 1030, (S.D.Texas, 1975), in which case Judge Seals ruled that Johnson should not be given retroactive effect
 
 
 [5]
 After the trial court's denial, on October 6, 1976, of a Supplemental Motion for Summary Judgment citing our holding in Dupree v. Hutchins Bros., 521 F.2d 236 (5 Cir. 1975), discussed in the text infra, and also pointing out that following Dupree, in Fair v. General Food Corporation, Civil Action No. 74-H-1694 (S.D.Tex.1975), Judge Seals reversed the stand he had taken in Bush v. Wood Bros. Transfer, Inc. (n. 4 supra ) and applied Johnson retroactively. The trial court's May 6, 1976 Order adhered to its earlier decision on retroactivity and held that Dupree did not override its holding, stating:
 "Of most compelling persuasion to this Court are the facts that: (1) The Fifth Circuit was not presented with the question of retroactivity of Johnson in the Dupree case; and (2) the principles applicable to invoking retroactive effect of a decision such as Johnson, which established not only the independence of § 1981 for limitations purposes but also the independence of a § 1981 cause of action in the employment context, preponderated in favor of the instant plaintiff where plaintiffs in this Circuit had properly relied prior to May 19, 1975, on Guerra in postponing the filing of § 1981 claims to await administrative action by the EEOC in accordance with Title VII."
 The May 6 order certified the question presented to us in accordance with the requirements of 28 U.S.C. § 1292(b).
 
 
 [6]
 As has the D.C. Circuit, Macklin v. Spector Freight Systems, Inc., 156 U.S.App.D.C. 69, 478 F.2d 979, 994-996 n. 30 (1973)
 
 
 [7]
 The same two year statute involved in the instant case, Texas Rev.Civ.Stat.Ann., title 91, art. 5526 (Vernon). In Dupree the delay between the act challenged as discriminatory and the filing of suit was from May 3, 1971 to October 10, 1973, more than five months after the statute had run
 
 
 [8]
 The Southern District of Texas was the only district meeting the general venue provisions of Title 28, U.S.C. § 1391(b), which govern actions brought under Title 28, U.S.C. § 1343(4)
 It was also the district where all and each of the Title VII venue conditions, Title 42 U.S.C. § 2000e-5(f)(3) were met.
 
 
 [9]
 In considering the third criterion of Huson, the question of "the inequity imposed by retroactive application", we deem it significant that in Johnson the Supreme Court rather than announce a rule of prospective application, applied its holding to the plaintiff-petitioner in that case retroactively. The Supreme Court's view of a plaintiff similarly situated to the plaintiff-appellee in this case was:
 "We note expressly how little is at stake here. We are not really concerned whether these respondents can be compelled to conform their practices to the nationally mandated policy of equal employment opportunity. If the respondents, or any of them, presently are actually engaged in such conduct, there necessarily will be claimants who are in a position now either to file a charge under Title VII or to sue under § 1981. The question in this case is only whether this particular petitioner has waited so long that he has forfeited his right to assert his § 1981 claim in federal court."
 Johnson, supra, 421 U.S. at 467, 95 S.Ct. at 1723, 44 L.Ed.2d at 305, n. 4.