Agnes L. JONES, Plaintiff-Appellant,

v.

CITY OF SAN ANTONIO,
Defendant-Appellee.

No. 77–2589
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 6, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

James F. Pons, San Antonio, Tex., for plaintiff-appellant.

Jane H. Macon, City Atty., Edgar A. Pfeil, Chief Trial Atty., Steven W. Arronge, Asst. City Atty., San Antonio, Tex., for defendant-appellee.

Before THORNBERRY, GODBOLD, and RUBIN, Circuit Judges.

PER CURIAM.

Appellant, Agnes L. Jones, a black female, brought this civil rights action in district court against the City of San Antonio, pursuant to 28 U.S.C. §§ 1331, 1343, and 2201, 42 U.S.C. §§ 2000e et seq., 1981, and 1983, on the grounds that she was denied employment in the summer of 1969 and in April, 1972, because of her race and sex. The district court granted summary judgment to the City as a matter of law because of the following findings:

(1) Appellant applied for employment with the City prior to March 24, 1972, the effective date of the 1972 Amendments to the Civil Rights Act, which made the Act applicable to municipalities; therefore, the 1972 Amendments were not applicable to appellant's claim;

(2) There is no basis for the claim under 42 U.S.C. § 1983 because that statute applies only to "persons," and the City is not a person within its meaning.

(3) Appellant's Section 1981 claim was barred by limitations as this case was filed over two years after the alleged discrimination occurred.

The two basic issues on this appeal are: (1) Whether the district court was correct in granting summary judgment in favor of the defendant City, and (2) whether the district court was correct in granting costs against the appellant. We agree with the district court.

■ Appellant's first contention is factual: that the district court erred in finding that she did not apply for a position with the City after March 24, 1972. Clearly, she did apply for the position of police dispatcher trainee in 1969. However, as her own deposition reveals, in 1972 she sought employment by telephone application as a police dispatcher. At that time only police officers were eligible for the post of police dispatcher. She did not file a written application for that position, and, even had she done so, she would not have been eligible because she was not a police officer. She did take a test for the position and passed the test of file clerk, but she did not want that position and did not apply for it. Therefore, there is no genuine dispute as to the basic material fact; appellant did not apply for any position with the City for which she was qualified after March 24, 1972. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If there were a genuine dispute as to this material fact, summary judgment would have been improper. Rule 56, Federal Rules of Civil Procedure. But, the facts having been established beyond genuine dispute, it was appropriate.

■ The district court was also correct in finding that the 1972 Amendments to Title VII (42 U.S.C. § 2000e et seq.) have not been given retroactive application. *See Cleveland Bd. of Education v. La Fleur*, 414 U.S. 632, 638 n. 8, 94 S.Ct. 791, 795 n. 8, 39

L.Ed.2d 52, 59 n. 8 (1974), *Harris v. Commonwealth of Pa.*, D.C.M.D.Pa.1976, 419 F.Supp. 10. Consequently, the defendant is not subject to suit for discriminatory acts, if any, that occurred prior to March 24, 1972, the effective date of such amendments. Appellant's reliance on *Laurel v. United States*, 5 Cir. 1977, 547 F.2d 917, is misplaced because in *Laurel, supra*, the employer was the federal government. The 1972 Amendments have been held to apply retroactively to federal employees but not to municipal employees. *See Monell v. Dept. of Social Services of City of New York, et al.*, 2 Cir. 1976, 532 F.2d 259, *cert. granted on other grounds*, 429 U.S. 1071, 97 S.Ct. 807, 50 L.Ed.2d 789 (1977).

Appellant next contends that the district court erred in finding that her claims under Sections 1981 and 1983 were barred by the statute of limitations. It is unnecessary to consider the time as to the Section 1983 claim because that section does not apply to the City; the City is not a person within the meaning of the statute. *See Musquiz v. City of San Antonio*, 5 Cir. en banc, 1976, 528 F.2d 499. The claim under Section 1981 was properly held barred by the applicable Texas statute of limitations. This court has consistently held that, in cases such as this, the Texas two year statute applies. Tex.Rev.Civ.Stat. Ann., Title 91, Art. 5526 (Vernon). *See Williams v. Phil Rich Fan Mfg. Co., Inc.*, 5 Cir. 1977, 552 F.2d 596 and cases cited therein. The defendant's allegedly discriminatory practices occurred in the summer of 1969, and appellant did not file her complaint until December, 1975, which is four years longer than the two years provided by the Texas statute. Nor was the Texas statute of limitations tolled by the pendency of appellant's complaint before the EEOC. *Williams, supra; Johnson v. Railway Express Agency, Inc.*, 1975, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295.

Appellant next contends that it was inappropriate for the trial court to award costs on the ground that there was no bad faith or vexatious conduct exercised by the appellant. We disagree. Federal Rule of Procedure 54(d) grants costs to the prevailing party as a matter of course in the absence of a countervailing rule or statute, unless the trial judge directs otherwise. Thus, the trial judge retains a certain amount of discretion. This circuit has carved out no rule that would require the trial judge in this case to exercise his discretion so as not to grant costs to the prevailing defendant. *See Three-Seventy Leasing Corporation v. Ampex Corporation*, 5 Cir. 1976, 528 F.2d 993; *LeLaurin v. Frost National Bank of San Antonio*, 5 Cir. 1968, 391 F.2d 687; *see*, also, 6 Moore's Federal Practice, 2nd ed. ¶ 54.70(3), (5). The cases cited by appellant are inapposite; they concern not costs, but attorney's fees, which are not at issue here. We find no abuse of discretion by the trial judge in his award of costs to the defendant.