Jerry A. NOLAN, Plaintiff,

v.

Charles STOREY, Lucy Patterson and Roy Gene Evans, Members of the Civil Service Trial Board of the City of Dallas, Texas, Individually and in their official capacities, George Schrader, Individually and in his official capacity as City Manager for the City of Dallas, and Frank Dyson, Individually and in his official capacity as Chief of Police for the City of Dallas, Texas, Defendants.

Civ. A. No. 3–76–1206–H.

United States District Court,
N. D. Texas,
Dallas Division.

Aug. 9, 1979.

Jack C. Pate, Burleson, Bondies, Baldwin & Pate, Dallas, Tex., for plaintiff.

Lee Holt, City Atty. by Lois Bacon, Asst. City Atty., Dallas, Tex., for defendants.

## OPINION

SANDERS, District Judge.

This is an action brought under 42 U.S.C. § 1983 based upon the alleged failure of Defendants to exercise procedural due process when the City of Dallas indefinitely suspended Plaintiff from his job as a Dallas police officer. Defendants Charles Storey, Lucy Patterson and Roy Gene Evans were members of the Civil Service Trial Board of the City of Dallas; George Schrader was the Dallas City Manager; Frank Dyson was the Dallas police chief. Jurisdiction is proper under 28 U.S.C. § 1343(3).

The case is now before the Court on Defendants' Motion to Dismiss for failure to state a claim. Fed.R.Civ.P. 12(b)(6).

Defendants urge two grounds in their motion to dismiss. First, they argue that Plaintiff has failed to show the requisite vested property interest in his employment as a police officer and that he was therefore not entitled to procedural due process when he was suspended. Second, Defendants argue that this suit is barred by the two-year statute of limitations, Article 5526, Rev.Civ. Stats.Tex. The Court finds and concludes that the motion to dismiss should be GRANTED.

## I.

Plaintiff alleges that his suspension from his job as a police officer, which was upheld by the City Manager and the Civil Service Trial Board (in accordance with established procedures), violated his constitutional rights to procedural due process. It is well settled that Plaintiff must show that state law affords him a vested property interest in his job before he is entitled to due process of law when he is suspended from that job. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Under Texas law employment as a police officer is not a vested property right. *Simpson v. City of Houston*, 260 S.W.2d 94, 97 (Tex.Civ.App.—Galveston 1953, writ ref'd n. r. e.). Therefore, under no set of facts would Plaintiff be entitled to damages for any due process defects in his suspension.

## II.

The applicable statute of limitations in a section 1983 action is determined

by borrowing the most similar state statute of limitations. *Nevels v. Wilson*, 423 F.2d 691 (5th Cir. 1970). The Court is not aware of any case involving a similar section 1983 allegation which has determined which Texas statute of limitations applies. The Court is of the opinion, however, that the two-year statute, Article 5526, which governs personal injury claims, *inter alia*, should apply to 1983 claims. In *Jones v. City of San Antonio*, 568 F.2d 1224 (5th Cir. 1978), the Court held that Article 5526 applies to a claim under 42 U.S.C. § 1981 for employment discrimination against a job applicant. This case is very similar to the violation alleged in *Jones*. Plaintiff's 1983 claim here is based upon his discharge from employment.

I conclude that the Texas two-year personal injury statute of limitations (Article 5526) applies to claims arising under 42 U.S.C. § 1983. Because Plaintiff was suspended indefinitely from his job June 4, 1973, and this federal action was filed September 13, 1976, this suit is barred by the two-year statute of limitations. This case should be, and it is hereby, DISMISSED.

SO ORDERED.