Edward JEFFERSON et al.,
Plaintiffs-Appellants,

v.

H. K. PORTER COMPANY, Etc., et al.,
Defendants-Appellees.

No. 80–7323.

United States Court of Appeals,
Fifth Circuit.
Unit B

June 18, 1981.

Adams & Adams, Oscar W. Adams, Jr., Birmingham, Ala., for plaintiffs-appellants.

Cooper, Mitch & Crawford, Jerome A. Cooper, Birmingham, Ala., for Union, defendants-appellees.

Cabaniss, Johnston, Gardner, Dumas & O'Neal, William F. Gardner, Birmingham, Ala., for H. K. Porter Co.

Before GODBOLD, Chief Judge, FRANK M. JOHNSON, Jr., and R. LANIER ANDERSON, III, Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

This appeal from the district court's order that a class action complaint filed under 42 U.S.C.A. § 1981 and Title VII of the Civil Rights Act, as amended, 42 U.S.C.A. §§ 2000e *et seq.* [Title VII] was time barred must be viewed in light of the complex procedural history of the litigation between the parties involved. Appellants, a class of 37 employees of appellee H. K. Porter Company [Porter Co.] who filed their complaint on September 9, 1976, were once part of a larger class action that was instituted in March 1966 and settled in September 1975. Because appellants' complaint was not timely filed within the context of this 15-year-old litigation, we affirm.

On March 31, 1966, three employees initiated a class action suit under Title VII and 42 U.S.C.A. § 1981 against their employer Porter Co., alleging employment discrimination because of its seniority system. Alvin C. Muldrow was the named plaintiff of the class action which was filed after the Equal Employment Opportunity Commission [EEOC] issued right to sue letters [the *Muldrow* case]. The class action complaint was dismissed by the district court (Lynne, J.) because it failed to name two indispensable parties, the United Steelworkers of America, AFL–CIO, and its local chapter [Steelworkers]. The *Muldrow* plaintiffs amended their complaint to join the Steelworkers but the amended complaint deleted all references to claims under 42 U.S.C.A. § 1981 and was based solely on Title VII.

The district court also dismissed the amended complaint on the ground that it had been filed without conciliation by the EEOC. This Court reversed that dismissal in the consolidated action *Dent v. St. Louis-San Francisco Railway Co.*, 406 F.2d 399 (5th Cir.), *cert. denied*, 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689 (1970), since employees who properly file charges with the EEOC cannot be held responsible for the EEOC's failure to enter into conciliation. On remand, the district court refused to certify a class because the United States Attorney General had instituted a pattern and practice suit against Porter Co. [U.S. suit] during the pendency of the appeal of the dismissal that also involved a class certification issue. The U.S. suit eventually resulted in a consent decree that was entered on March 22, 1974. The *Muldrow* suit was also settled by a consent decree that was signed by the district court (Guin, J.) on September 9, 1975. A class of 347 employees was certified at that time to receive the $200,-000 back pay award.

Some 71 of the *Muldrow* class members were dissatisfied with the back pay award and decided to litigate further for the sole purpose of receiving more compensation. The district court ruled that the 71 objectors could not remain covered by the consent decree and only litigate the back pay issue, that is "partially opt-out"; but the court indicated that the 71 objectors were free to pursue separate actions. The objectors appealed this decision but withdrew their appeal on December 11, 1975. Approximately 36 of the 71 objectors withdrew their objections and participated in the consent decree. The remaining objectors, appellants, filed the instant action under Title VII and 42 U.S.C.A. § 1981 against Porter Co. and the Steelworkers on

September 9, 1976.[1]   On February 6, 1980, the district court, 485 F.Supp. 356 (Guin, J.) rejected appellants' argument that the statute of limitations had been tolled during the pendency of the *Muldrow* litigation and granted summary judgment for appellees Porter Co. and the Steelworkers because the complaint was time barred.   This appeal followed.

It is undisputed that appellants were parties in the original *Muldrow* litigation.   Accordingly, appellants argue that their complaint was timely filed since it was filed within Alabama's one year statute of limitations for Section 1981 actions following the conclusion of the *Muldrow* litigation.   They argue further that equitable tolling is proper here since they were prejudiced by the district court's denial of their partial opt-out argument which was later approved by this Court in *Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157, 1182 (5th Cir.), *cert. denied*, 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1978) [Pettway IV].   Finally, appellants argue that the district court erred by basing its rejection of their equitable tolling argument on its holding that *Muldrow* was a Title VII action only as reflected by the amended complaint.

Appellants' arguments are without merit for several reasons.   First of all, the district court's order in *Muldrow* which rejected the objectors' partial opt-out argument is not a part of this appeal: the appeal of that order was withdrawn on December 11, 1975, and thus is not reviewable here.   *Nilsen v. City of Moss Point*, 621 F.2d 117, 120 (5th Cir. 1980).   Even if *Muldrow* did apply to this appeal, we agree with the district court below that, subsequent to the July 1966 amended complaint in *Muldrow* that deleted all references to Section 1981, *Muldrow* was based solely on Title VII.   We cannot accept appellants'

argument that the Section 1981 claim was inadvertently deleted from the amended *Muldrow* complaint since several paragraphs were completely redrafted to delete the Section 1981 references.   In other words, the changes made by the amendment involved more than a simple addition of the Steelworkers to the original complaint.   Moreover, appellants' counsel conceded at oral argument that the Title VII aspects of the complaint under review are time barred.[2]

Furthermore, appellants have failed to allege any circumstances other than the pendency of the *Muldrow* litigation to justify equitable tolling of the one year statute of limitations period.   For example, appellants have not alleged any misconduct on Porter Co.'s part such as concealment of a cause of action or on the EEOC's part such as misleading actions.   *See Nilsen v. City of Moss Point, supra*, 621 F.2d at 121.   The appellees would clearly be prejudiced if we allowed equitable tolling given the amount of time that has elapsed since the July 1966 amended complaint in *Muldrow* was filed.[3]   Appellants cannot rely on their allegation of prejudice resulting from the district court's ruling on the partial opt-out theory because, as herein noted, *Muldrow* is not before us.

Finally, even if equitable tolling were applicable, it would apply only to appellants' Title VII claims since *Muldrow* was a Title VII suit.   It is clear that the timely filing of an employment discrimination charge with the EEOC under Title VII does not toll the statute of limitations during the pendency of the EEOC charge for an action brought under Section 1981.   *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 466, 95 S.Ct. 1716, 1723, 44 L.Ed.2d 295 (1974); *Jones v. City of San*

---

1. The attorneys who handled the *Muldrow* class are the same ones who represent these appellants.

2. Thus even if we used December 11, 1975, the date the *Muldrow* objectors withdrew their appeal to the district court's September 9, 1975, ruling on their partial opt-out theory, the 90-day statute of limitations period had clearly run

by the time appellants' complaint was filed on September 9, 1976.

3. The Steelworkers were never charged with a violation of Section 1981 since they were made parties to the *Muldrow* action by virtue of the amended complaint.

*Antonio,* 568 F.2d 1224, 1226 (5th Cir. 1978). Since appellants' Title VII claims were concededly time barred, the district court properly granted appellees' summary judgment motion. Because we are unaware of any justification for an exercise of our equitable jurisdiction to toll the one year statute of limitations period applicable to this Section 1981 action, we AFFIRM.