**Mario M. VIOLANTE, Plaintiff,**

v.

**William F. BOLGER, Postmaster General, United States Postal Service, Defendants.**

**No. Civ–78–191E.**

United States District Court,
W.D. New York.

Feb. 28, 1985.

**4**

Randy H. Gugino, Amherst, N.Y., for plaintiff.

C. Donald O'Connor, Asst. U.S. Atty., Buffalo, N.Y., for defendants.

### MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff, an Italian-American male, instituted this action against the United States Postal Service alleging that he had been unlawfully terminated from his position as a mail handler on the basis of his national origin in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. In an Order of November 24, 1982 I referred this case to the Magistrate to hold a hearing and thereafter report his findings pursuant to 28 U.S.C. § 636(b)(2) and Fed.R.Civ.P. rule 53. The Magistrate held an evidentiary hearing and recommended that the Complaint herein be dismissed.

Plaintiff was ordered to show cause in this Court why the Magistrate's report and recommendation should not be adopted and attorneys for both parties appeared before me on the adjourned date. The Magistrate had determined that "[t]here is no evidence of any nature in this record which indicates that the defendant or any of the other employees of the United States Postal Service was motivated to terminate the plaintiff because of his national origin" and that plaintiff had "offered no evidence to counter the overwhelming testimony that his job performance during his 90 day probationary period was unsatisfactory." Report of Magistrate Edmund F. Maxwell at page 10. Pursuant to Fed.R.Civ.P. rule 53(e)(2), plaintiff was given a period of ten days after receipt of notice of the filing of such report to serve any written objections thereto upon defendants and he failed to avail himself of this opportunity. Similarly, on the return of said order to show cause, he fell short of showing why the Magistrate's Report and Recommendation should not be adopted by this Court and, after a review of the entire proceeding, it is now found that such should be adopted.

Defendants subsequently moved for an award of costs in this case due to the clear determination of the case. Fed.R.Civ.P. rule 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs * * *." Title VII does not specifically address a provision for an award of costs to a prevailing defendant, but some courts have determined that an award of costs is governed by the criteria set forth by the United States Supreme Court in considering an award of attorney's fees to a prevailing defendant in *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).[1] *See, e.g., Dual v. Cleland*, 79 F.R.D. 696 (D.D.C.1978). Other courts, however, have rejected the notion that Title VII disturbs the usual rule concerning costs. *See e.g., Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir.1982); *Hill v. J.C. Penney Co., Inc.*, 688 F.2d 370, 375 (5th Cir.1982); *Croker v. Boeing Co.*, 662 F.2d 975, 998 (3d Cir.1981) (*en banc*); *Jones v. City of San Antonio*, 568 F.2d 1224 (5th Cir.1978); *E.E.O.C. v. Eagle Iron Works*, 424 F.Supp. 240, 250 (S.D.Iowa 1976).

By its terms rule 54(d) applies and the prevailing party is prima facie entitled to costs. Thus plaintiff must overcome the presumption. *Delta Air Lines, Inc. v. Colbert, supra*, at 490. "The losing party's good faith and proper conduct is not enough * * * and in the decisions uphold-

---

1. In that case the Court recognized that Title VII permits a district court in its discretion to award attorney's fees to a prevailing defendant upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, or that the plaintiff continued to litigate after it became so, even though not brought in subjective bad faith.

ing refusal of costs there has been some fault, misconduct, default, or action worthy of a penalty on the part of the prevailing side." *Ibid.* As "believed" by the United States Court of Appeals for the Third Circuit in *Croker v. Boeing Co., supra,* at 998, Title VII has not carved out an exception to rule 54(d).

Plaintiff has presented no evidence why costs should not be assessed against him or in support of any deviation from the normal operation of rule 54(d). As the Magistrate noted, plaintiff provided *no* evidence which indicated a discriminatory motivation on the part of his supervisors and plaintiff again offered *no* evidence to rebut the evidence of his poor job performance. Moreover, plaintiff has offered *no* evidence in opposition to defendant's request for an award of costs. Plaintiff merely relies on considerations of "equity" and the fact that he expended resources in the prosecution of the lawsuit. Plaintiff does not, moreover, even contend that he is unable to meet an imposition of such costs.

Defendant has submitted in support of this motion an affidavit and a bill of costs. Plaintiff has not challenged any of the items listed therein and has, as noted, provided no tenable rationale for not imposing costs. Accordingly, defendant's motion for an award of costs in the amount of $1,842.10 is hereby ORDERED granted.