Alice McINTIRE, Plaintiff,

v.

UNITED STATES of America; and Army and Air Force Exchange Service, Fort Rucker Exchange, Defendants.

Civ. A. No. 94–D–1441–S.

United States District Court,
M.D. Alabama,
Southern Division.

April 13, 1995.

Kenneth C. Sheets, Dothan, AL, for plaintiff.

Redding Pitt, U.S. Atty., Ann Ashton Holmes, Asst. U.S. Atty., Montgomery, AL, for defendants.

## MEMORANDUM OPINION

DE MENT, District Judge.

Presently before the court is Defendants' Motion to Dismiss, filed February 27, 1995. Defendant United States of America filed a supporting brief simultaneously. On March 31, 1995, Plaintiff filed a response and supporting brief in opposition to Defendants' Motion to Dismiss. For reasons set forth below, Defendant's motion is due to be granted.

### Jurisdiction & Venue

Plaintiff alleges a violation of 42 U.S.C. § 1983 and seeks attorney's fees under 42 U.S.C. § 1988. Therefore, jurisdiction is proper under 28 U.S.C. § 1331.[1] Plaintiff also brings this action under Alabama law. According to 28 U.S.C. 1367(a), when, as here, the court's jurisdiction is predicated on the existence of a federal question, federal district courts "shall have jurisdiction over all other claims that are so related within such original jurisdiction that they form part of the same case or controversy ..." Jurisdiction over the person of the Defendants and venue are not in issue.

### Background

Alice McIntire (hereinafter "McIntire" or the "Plaintiff") allegedly visited the Army and Air Force Exchange Service, Fort Rucker, Alabama (hereinafter the "AAFES") pursuant to its invitation and as a customer.

McIntire claims that on this date she selected, paid for and proceeded to leave the AAFES. While within the confines of the AAFES, Defendant Wendell Smith, allegedly acting as an agent of Defendants, Secretary of Defense, Barbara Martinez, and J.A. Robinson, without probable cause, purportedly approached Plaintiff in the presence of employees and vociferously accused Plaintiff of stealing. Smith then allegedly grabbed Plaintiff in the presence of a number of persons' presence, and, roughly placed her in custody and intentionally detained her in the AAFES Security room. McIntire avers that these acts constitute deprivation of her rights to freedom and mobility.

According to Plaintiff, Smith then, without probable cause, searched her and her shopping bag and accused Plaintiff of stealing a bottle of cologne. Smith allegedly found no stolen items in Plaintiff's possession. Plaintiff claims that she proclaimed innocence, but, nonetheless, Smith, lead her to the cologne section to identify the bottle of cologne Plaintiff allegedly placed on the shelf.

Plaintiff submitted a claim for damages against the AAFES through Fort Rucker's Office of the Staff Judge Advocate (hereinafter the "O.S.J.A.") on March 4, 1992. This claim was denied and Plaintiff moved for reconsideration of her claim on April 13, 1992. On February 3, 1993, the O.S.J.A. allegedly notified Plaintiff that her claim had been opened for reconsideration. Defendant allegedly made a settlement offer to Plaintiff on May 20, 1994. On November 7, 1994, Plaintiff filed a suit against the United States of America and AAFES, alleging violations of the Federal Tort Claims Act, 28 U.S.C. § 2675(a). The Court granted Plaintiff leave to amend her complaint as Plaintiff could not maintain a viable action under the Federal Tort Claims Act. McIntire now complains that she was falsely arrested, which raises a *Bivens* issue,[2] and falsely imprisoned in violation of Alabama law.

---

1. Pursuant to 28 U.S.C. § 1331, the federal district courts have "original jurisdiction of all civil actions arising under the.... laws.... of the United States."

2. The term *Bivens* action originated from the seminal case where the United States Supreme

Court inferred a private cause of action for money damages under Amendment IV to the United States constitution. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Since then, the Court has expanded the breadth of *Bivens* and recognized the existence of

In her amended complaint, Plaintiff action joins the Secretary of Defense, Barbara Martinez, J.A. Robinson, Jr., and Wendell Smith as defendants. McIntire brings this action against these persons in their individual and their official capacities. Plaintiff avers that Defendant Smith acted falsely and wrongfully in not ascertaining her innocence before detaining her. McIntire remarks that a diligent performance of Smith's duties would have prevented the willful and malicious detainment endured by Plaintiff. McIntire further asserts that Smith acted under color of state law and in wanton disregard of her federal and state constitutional rights.

Plaintiff alleges that at all relevant times Smith acted pursuant to orders and directives from Robinson, Martinez and the Secretary of Defense. Plaintiff's amended complaint claims that Robinson was present during a portion of the events giving rise to this action but failed to prevent the alleged constitutional deprivations at issue.

The Secretary of Defense is allegedly liable to Plaintiff for engendering custom, policy, or procedures which proximately caused Plaintiff's injury by:

1. improperly or inadequately training or failing to train security officers in conducting investigations, arrests, and detainments;

2. failing to adequately investigate and/or discipline his officers or employees for improper investigations, arrests and detainments;

3. improperly and/or inadequately supervising his officers, agents or employees;

4. delegating the policy-making authority regarding investigations, arrests and detainments to the regional and local managers of AAFES, Martinez and Robinson, and individual security officers;

5. ignoring past complaints of abuse of rights;

6. adopting and/or tolerating other customs, policies, practices and procedures amounting to deliberate indifference or

reckless disregard of plaintiff's constitutional rights.

Plaintiff argues that Martinez and Robinson are liable to her on essentially the same grounds as those claimed against the Secretary of Defense. McIntire avers that Smith is liable as a result of his gross negligence in falsely arresting and imprisoning Plaintiff, without just or probable cause, under the color of state law, and with deliberate indifference, and/or intentional, reckless, malicious or wanton disregard of Plaintiff's federal and state constitutional rights under the Fourth and Fourteenth Amendments.

In her amended complaint, filed February 10, 1995, Plaintiff contends that the Defendants are liable to her under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Subsequently, Defendants filed the pleading presently before the court contending that Plaintiff's claim is time-barred and, thus, due to be dismissed. Plaintiff responded to Defendants' motion on March 31, 1995, claiming that the applicable statute of limitations should be equitably tolled because Plaintiff's administrative claim was filed before the running of the statute of limitations; notwithstanding the fact that the United States has not lifted its immunity regarding the subject matter of the administrative claim.

### Discussion & Analysis

For section 1983 and *Bivens* action purposes, the court "must look to state law to determine what statute of limitations is applicable." *Dukes v. Smitherman,* 32 F.3d 535, 537 (11th Cir.1994) (citing *Whitson v. Baker,* 755 F.2d 1406, 1409 (11th Cir.1985)); *see also Lufkin v. McCallum,* 956 F.2d 1104 (11th Cir.1992). In Alabama, the applicable statute of limitations is found in *Alabama Code* (1975), § 6–2–38(*l* ). *Morrow v. Town of Littleville,* 576 So.2d 210, 215 (Ala.1991). Section 6–2–38(*l* ) provides that:

"[a]ll actions for any injury to the person or rights of another not arising from con-

causes of actions for infringements of the Fifth Amendment, *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); Eighth Amendment, *Carlson v. Green,* 446 U.S. 14, 100

S.Ct. 1468, 64 L.Ed.2d 15 (1980); and First Amendment, *see Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983).

tract and not specifically enumerated in this section must be brought within two years."

*Alabama Code,* § 6–2–38(*l* ).

Statutes of limitations are products of enlightened jurisprudence, *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979) (quoting *Wood v. Carpenter,* 101 U.S. 135, 139, 25 L.Ed. 807 (1879)), and represent a ubiquitous legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that "the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id.* (quoting *Railroad Telegraphers v. Railway Express Agency,* 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944)).

The incident giving rise to the instant action transpired on February 19, 1992.[3] Plaintiff did not set forth the cause now before the court until February 10, 1995. Therefore, Plaintiff's claims would generally be time-barred. However, Plaintiff claims that the two-year statute of limitations should be tolled because the United States was placed on notice that Plaintiff possessed an actionable claim when she filed her original claim for damages against the AAFES. Plaintiff makes this contention notwithstanding the fact that she sought damages under a theory where the United States has not lifted its immunity.[4] Essentially, Plaintiff avers that so long as she files an administrative claim, albeit non-actionable, which arises from the same transaction and occurrence as an unasserted, but viable, claim Defendants were placed on notice and the initial filing should toll the applicable statute of limitations. Therefore, following Plaintiff's logic, she is entitled to relate any and all judicial

actions back to the time at which she filed the initial request for damages. While Plaintiff submits an interesting proposition, it is not supported by the law.

In *Jefferson v. H.K. Porter Co.,* 648 F.2d 337 (5th Cir.1981), the court stated that "the timely filing of an employment discrimination charge with the EEOC under Title VII does not toll the statute of limitations during the pendency of the EEOC charge for action brought under Section 1981." *Jefferson,* 648 F.2d at 339–40 (citations omitted).[5] The Title VII and Section 1981 claims in Jefferson arose from the same transaction and occurrence. Furthermore, the claims are of the same class of actionable causes—i.e., employment discrimination. However, the court was unaware of any justification for an exercise of its equitable jurisdiction to toll the applicable statute of limitations.

As a practical matter, the defendants against whom Plaintiff finally brings suit against were not among the Defendants listed in her request for damages. The United States Attorney's Office is charged with providing legal services for a wide and varied class of defendants, however it is not placed on notice to stand guard against all complaints, voiced and unvoiced alike, which could conceivably arise from a particular occurrence involving a multiplicity of probable defendants. The court finds that such an assertion is a *non sequitur.*

Plaintiff's original administrative, as well as judicial, claim alleged no complaints against any defendant enumerated in her amended complaint. More importantly, as previously mentioned, Plaintiff failed to state a claim upon which relief may be granted because the Federal Tort Claims Act is inap-

---

3. *See* Complaint, ¶ 5.

4. Plaintiff brought a judicial action on November 7, 1994, against the United States and AAFES alleging that certain AAFES employees falsely detained her, in violation of the Federal Tort Claims Act. The court granted the United States' motion to be dismissed as a defendant, as the United States is not amenable to suit in this context. *See United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Solomon v. United States,* 559 F.2d 309 (5th Cir. 1977). Since AAFES is an instrumentality of the

United States, the court dismissed it as a party also. *See Standard Oil Co. v. Johnson,* 316 U.S. 481, 485, 62 S.Ct. 1168, 1170, 86 L.Ed. 1611 (1942). However, the court granted Plaintiff leave to amend her complaint to assert grounds upon which the court might grant relief.

5. Decisions rendered by the United States Fifth Circuit Court of Appeals before October 1, 1981, constitute binding authority in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

plicable in cases where the United States is sued for false imprisonment or detention and the person executing the detention is not a statutorily defined investigative or law enforcement officer. Since the United States was not amenable to suit in the claim brought before the appropriate agency on March 4, 1992, the court finds that the claims alleged in Plaintiff's amended complaint do not relate back to said date.[6]

■ The court may not ignore the statute of limitations simply because it feels a given action is not stale or, as Plaintiff essentially claims here, that Defendants' repose has already been detached. *See Justice v. United States,* 6 F.3d 1474, 1483 (11th Cir.1993). The United States Supreme Court has explained:

> Statutes of limitations find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles ... They are by definition arbitrary, and their operation does not discriminate between the just and unjust claim, or the avoidable and unavoidable delay. They have come into the law not through judicial process but through legislation.

*Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945) (citation omitted). Being a creature of legislative process, the court must strictly adhere to statutes of limitations. *See Kavanagh v. Noble,* 332 U.S. 535, 539, 68 S.Ct. 235, 237, 92 L.Ed. 150 (1947).

■ The court also points out that the interests of justice aligns with the Defendants when the Plaintiff fails to file her action in a timely fashion despite knowing or being in a position to know that the limitations period is running. *See, e.g., First Ala-*

bama Bank v. United States, 981 F.2d 1226, 1228 (11th Cir.1993); *Ross v. Buckeye Cellulose Corp.,* 980 F.2d 648, 661 (11th Cir.1993). On the other hand, the balance of justice shifts to the plaintiff when the defendant misleads her into allowing the statutory period to expire, *see Irwin v. Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990); when she has no reasonable way of discovering the wrong perpetrated against her, *see, e.g., McBrayer v. City of Marietta,* 967 F.2d 546, 547 (11th Cir.1992); or when she files a technically defective pleading and in all other respects acts with " 'the proper diligence ... which ... statutes of limitations were intended to insure.'" *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962); *Goldsmith v. City of Atmore,* 996 F.2d 1155, 1161 (11th Cir.1993).

■ The court finds that Plaintiff should have known that the United States is not amenable to suit in this brand of action. The law is clear and the access to determining viable causes of action are not within the exclusive control of Defendants. Plaintiff does not so much as allege that Defendants devised stealthy concoctions or employed surreptitious plots to mislead her and thereby cause her to file this cause untimely. Moreover, the defect in Plaintiff's original complaint amounted not to a technical mistake, but rather, a material omission. Accordingly, the court finds that the balance of justice tilts overwhelmingly in favor of adhering to the applicable statute of limitations.

While the court is concerned about Plaintiff's plight, it must not forget that it must render rulings grounded in precedent and legislation, not sympathy. Thus, our concern

6. Plaintiff also contends that all of Defendants' actions up to and past the limitations date evidences Defendants' acceptance of the viability of this action; therefore, Defendants should not be allowed to escape liability. Specifically, Plaintiff points to: the original claim being opened for reconsideration; Defendant's request for information; and Defendants' offer to settle the case. The court finds that Plaintiff's assertion has no credence under the law. If this were so, the court would place on the shoulders of defense counsel the burden to represent both parties. Such a notion eviscerates the adversarial basis, which has been the hallmark of the American legal system since its inception. Moreover, the court points out that the settlement offer was extended on May 20, 1994, which means that the limitations period had already lapsed and that Defendants are inferentially exonerated of any bad faith.

When employed correctly, discovery and research facilitate great awakenings. The court finds that Defendants have exercised them to their advantage. Moreover, Plaintiff cannot expect the opposing party(ies) to make her case for her or act in a manner contrary to their interest.

is of no moment because the Supreme Court has instructed that

> [p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of ... sympathy for particular litigants ... [I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151–52, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984).[7]

### Conclusion

The applicable statute of limitations in the present action is two years, which began to accrue on the date of Plaintiff's alleged detention, February 19, 1992. Alice McIntire amended her complaint on March 10, 1995, over three years after the date of the transaction or occurrence giving rise to the alleged *Bivens* violation. Given that the applicable statute of limitations is not subject to equitable tolling and the claims in the amended complaint do not relate back to the initial filing with the Office of the Staff Judge Advocate of Fort Rucker, Alabama, the court finds that Plaintiff's action is time-barred and Defendants' Motion to Dismiss is due to be granted.[8]

A judgment in accordance with this memorandum opinion shall be entered separately.

---

7. As attributed to Oliver W. Holmes, "[s]ympathy is one of the finest human attributes but is an unwelcome intruder in the courtroom."

8. The court notes that all Plaintiff's causes are subjected to a two-year limitations period; therefore, all Plaintiff's claims are extinguished by this opinion and attached judgment.