Lewis O. NEVELS, Plaintiff-Appellant,

v.

Howard E. WILSON, Monroe County Tax Collector, Defendant,

Roderick Mayhew McCall, Defendant-Appellee.

No. 28368

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 16, 1970.

Lewis O. Nevels, pro se.

R. J. Dwyer, Miami, Fla., for defendant-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is from a judgment dismissing a complaint couched in terms of a claim having both a tort and a civil rights basis.[1] The dismissal was apparently by reason of the bar of the Florida statute of limitations. The district court gave no reasons for the dismissal but the record discloses the pendency of a motion to dismiss based on the Florida statute. In addition, we are without the benefit of a brief on behalf of appellee.

The dismissal was correct as to the civil rights aspect of the complaint. There is no federal statute of limitations for claims brought under 42 U.S.C.A. §§ 1983 and 1985. Thus the applicable Florida statute is to be borrowed. O'Sullivan v. Felix, 1914, 233 U.S. 318, 34 S.Ct. 596, 34 S.Ct. 596, 58 L.Ed. 980; Beard v. Stephens, 5 Cir., 1967, 372 F.2d 685. Cf. McGuire v. Baker, 5 Cir., 1970, 421 F.2d 895.

It appears from the complaint that the event in question occurred more than three but less than four years prior to the filing of the complaint. Florida statute 95.11(5) (a), F.S.A. provides that actions for liabilities created by statute must be commenced within three years after the accrual of the cause of action. We find that statute to be controlling as to the civil rights claim. Swan v. Board

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

of Higher Education, 2 Cir., 1963, 319 F.2d 56, 60; Smith v. Cremins, 9 Cir., 1962, 308 F.2d 187, 190. Thus the claim based on the civil rights statutes is barred and the complaint was due to be dismissed in this respect.

■ As to the claim based on tort, the period of limitations is four years and the court erred in dismissing the complaint insofar as it may have asserted a cause of action in tort. F.S.A. 95.11(4). See Faulk v. Allen, 1943, 152 Fla. 413, 12 So.2d 109; Meyer. v. Roth, Fla.App. 1966, 189 So.2d 515.

Affirmed in part; reversed in part; remanded for further proceedings not inconsistent herewith.