**Alice Marie BENNETT, Individually and on behalf of all others similarly situated, Plaintiff,**

v.

**GEORGETOWN MANOR, INC., a Florida Corporation, Defendant.**

No. 77–7119–Civ.–JLK.

United States District Court, S. D. Florida.

July 5, 1978.

Joseph C. Segor, Kaplan, Dorsey, Sicking & Hessen, Miami, Fla., for plaintiff.

James S. Bramnick, Muller, Mintz, Kornreich, Caldwell & Casey, Miami, Fla., for defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the motion for reconsideration of this court's order, dated May 30, 1978. The court, having considered the record and being fully advised in the premises, finds that the motion should be denied in full.

Defendant asserts that this court erred in permitting plaintiff's § 1981 claim(s) to proceed, given the statute of limitation applicable to that claim. The court disagrees.

Defendant properly argues *Cutliff v. Greyhound Lines, Inc.,* 558 F.2d 803, 804–805 (5th Cir. 1977) in support of its position. Under federal law, the appropriate statute of limitations for a claim raised under 42 U.S.C. § 1981 is determined by reference to the appropriate state statute of limitation. *See, Johnson v. Goodyear Tire & Rubber Co., Synthetic Rubber Plant,* 491 F.2d 1364 (5th Cir. 1974). However, this court must respectfully take issue with the Fifth Circuit's findings as to the appropriate Florida statute of limitations for § 1981 or comparable claims.

In *Cutliff* and *Goodyear,* the Fifth Circuit utilized the Florida limitation provision which appeared at F.S. § 95.11(7)(b), later amended at § 95.11(4)(c). Under the interpretation most beneficial toward plaintiff, this section would provide two years for the filing of the complaint. However, the Fifth Circuit apparently overlooked F.S. § 95.-11(5)(a), later amended in § 95.11(3)(f). Under either of these latter two sections, plaintiff's claim would have been timely filed.

This court believes that the Fifth Circuit's choice of § 95.11(7)(b) or § 95.-11(4)(c) as the applicable state limitation provision was improper because these provisions relate to suits for the recovery of wages, overtime, or damages and penalties accruing under *laws respecting* the payment of wages and overtime. 42 U.S.C. § 1981 is not a law respecting wages and overtime. It is a statute providing "Equal rights under the law," for all citizens. While one of the remedies which may and has been pursued for its effectuation is the recovery of back pay, § 1981 is hardly a statute devised for the recovery of back pay per se. An action brought under its authority is an "action upon a liability created by statute, other than a penalty or forfeiture . . . ", F.S. § 95.11(5)(a), or an "action founded on a statutory liability . . . ", F.S. § 95.11(3)(f).

The difference between these two state statutory provisions was not addressed by the Fifth Circuit in *Johnson* or *Cutliff*. Yet it is pivotal, in deciding which state statute provides the applicable limitation period, to decide which state statute most closely approximates the circumstances in which the claim at issue is raised.

> [T]he period of limitation in respect of suits for the recovery of wages and overtime . . . under laws respecting the payment of wages and overtime . . . is general in its terms. It embraces any Florida states laws as well as Federal Fair Labor Standards Act and any future legislation regarding this subject matter.

21 Fla.Jur. *Limitation of Actions,* § 22. In essence, the limitation period applicable to wages and overtime was designed for suits arising under legislation developed around the specific subject of wages and overtime—not legislation whose only tie with wages and overtime is as a potential remedy. Further support for the distinction developed above may be found in *Nevels v. Wilson,* 423 F.2d 691 (5th Cir. 1970)—a case treating 42 U.S.C. § 1983 and § 1985.

In *Nevels,* the Fifth Circuit emphatically applied F.S. § 95.11(5)(a) to a claim arising under 42 U.S.C. §§ 1983 and 1985, two crucial civil rights statutes. The court did so because causes of action arising under such statutes are "actions for liabilities created by statute . . . ." *Id.* Given the fact that § 1981 is, like § 1983 and § 1985, a civil rights statute and given the fact that wages, or similar compensatory damages are recoverable under these other two sections, (*see,* for example, *Harkless v. Sweeny Independent School District,* 427 F.2d 319, 324 (5th Cir. 1970) with regard to a § 1983 action), it is difficult to comprehend the Fifth Circuit's decision to apply the "wage and overtime" state statute of limitation to a suit arising under § 1981 (i. e. *Cutliff*) when it applies the "liability created by statute" limitation provision to suits arising under § 1983 or 1985 (i. e. *Nevels*).

As to the remaining points raised on defendant's motion for reconsideration, suffice it to say that these points were given great consideration when they were raised in the original motion to dismiss and defendant has not offered the court any reason for a modification of its initial conclusions.

Therefore, it is

ORDERED and ADJUDGED that the defendant's motion for reconsideration be denied.

DONE and ORDERED in chambers at Miami, Florida, this 5th day of July 1978.