Maude R. JOHNSON, Plaintiff,

v.

DUVAL COUNTY TEACHERS CREDIT UNION, Defendant.

No. 78–500–Civ–J–WC.

United States District Court,
M. D. Florida,
Jacksonville Division.

Nov. 14, 1980.

**308**

Earl M. Johnson, Jacksonville, Fla., for plaintiff.

Michael J. Dewberry, Jacksonville, Fla., for defendant.

## ORDER

CASTAGNA, District Judge.

The Court has for adjudication the Defendant's Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff as a former employee of Duval County Teachers Credit Union, the Defendant herein, has filed suit alleging racial discrimination by her employer and seeks relief pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1982, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

Based upon the allegations of the Amended Complaint, the Defendant has moved, pursuant to Rules 12(b)(1), 12(b)(6), and 8(a)(1) of the Federal Rules of Civil Procedure for dismissal on the grounds that the Court lacks jurisdiction over the subject matter and that Plaintiff has failed to state a claim upon which relief can be granted.

The Plaintiff in paragraphs 6 and 7 of her Amended Complaint asserts that the Defendant "engaged in continuous acts and practices of discrimination against the Plaintiff from the year 1968 through the year 1977 on account of her race . . . ." In paragraphs 6a through 6f, the Plaintiff lists instances of alleged discriminatory conduct.

The original Complaint was filed July 27, 1978. In the Amended Complaint filed November 15, 1978, Plaintiff in general terms asserts that she timely filed her charges of discrimination with the Miami Equal Employment Opportunity Commission.

As grounds for supporting dismissal of the Title VII claim, the Defendant contends that it is impossible to ascertain from the Amended Complaint when the discriminatory acts allegedly occurred and when the charge or charges were filed with the EEOC. It is a jurisdictional prerequisite for a Title VII suit, that charges of alleged discriminatory conduct be filed with the EEOC within 180 days of its occurrence. 42 U.S.C. § 2000e–5(e). Any claim not timely filed is barred and leaves the Court with no jurisdiction to consider it. Defendant argues that since it cannot be determined which of the allegations were timely filed, the Amended Complaint should be dismissed. The Plaintiff has alleged that she seasonably filed her administrative charges. This allegation is sufficient for purposes of withstanding a motion to dismiss for lack of subject matter jurisdiction and sufficient to comply with the rule pertaining to the pleading of jurisdictional prerequisites. *F.R.C.P.* 8(a)(1), 12(b)(1); *Equal Employment Opportunity Commission v. Times-Picayune Publishing Corporation,* 500 F.2d 392 (5th Cir. 1974). Discovery is available to show if those allegations are well founded.

Defendant also contends that because the present suit was filed without the Plaintiff having received the required right to sue letter, the Court does not have jurisdiction. Plaintiff alleges that she waited more than 180 days from the time she filed her charges, and has on numerous occasions requested her right to sue letter from the EEOC but has received no response from them and therefore should not be prevented from bringing this suit.

The usual necessary jurisdictional allegations are the receipt of the right to sue letter; *Stebbins v. Continental Insurance Companies,* 143 U.S.App.D.C. 121, 442 F.2d

843 (D.C.Cir.1971); and filing of suit within ninety days of such receipt. *Turner v. Texas Instruments*, 556 F.2d 1349 (5th Cir. 1977).

*Stebbins, supra,* can, by negative implication, be read to suggest that the EEOC's refusal to issue the right to sue letter, would not bar the bringing of this civil suit. Additional support for this position is found in *Miller v. International Paper Co.*, 408 F.2d 283, 287–288 n.18 (5th Cir. 1969); where the Fifth Circuit stated that in the event of an outright refusal to issue the required right to sue letter, the claimant could file suit within a reasonable time after the lapse of the conciliation period.

Paragraph 5 of the Amended Complaint, while not a model of clarity, can be read to allege that the Plaintiff waited until the expiration of the conciliation period to request her right to sue notices. The Plaintiff has attached to her Amended Complaint, a copy of each of two letters dated March 6, 1978 and April 12, 1978 requesting the issuance of Plaintiff's right to sue notice. Alleging the absence of any kind of reply from the commission, the Plaintiff filed her original Complaint on July 27, 1978 more than four months after first requesting her notice. The regulation promulgated to require the issuance of the right to sue letter so to enable the charging party to institute its civil suit, provides that when the aggrieved person requests that the notice of right to sue be issued, the Commission shall promptly issue the notice. 29 C.F.R. § 1601.28(a)(1).

Congress established elaborate procedures to afford the EEOC the opportunity to attempt, by administrative action, to conciliate and mediate unlawful employment practices with a view to obtaining voluntary compliance. Individuals are not allowed to frustrate the legislative scheme by bypassing the EEOC.

■ However, the present suit is not one of attempted evasion. The Plaintiff has alleged compliance with the administrative process as much as possible. Dismissal would deprive Plaintiff of her right to her civil suit, not because of some failure on her part to comply with the requirement of Title VII, but for the failure of the EEOC. *See accord, Stapper v. Texas Dept. of Human Resources*, 470 F.Supp. 242 (W.D.Tex. 1979). Plaintiff is not responsible for the acts or omissions of the Commission and, she should not be adversely affected by them in seeking judicial relief. *Foye v. United A. G. Stores Cooperative, Inc.*, 336 F.Supp. 82 (D.Neb.1972). For the purposes of the present motion, the Plaintiff is excused from having to allege receipt of her right to sue notice.

The Defendant raises the statute of limitations as one of its contentions against Plaintiff's § 1981 claim, and argues the holding of *Cutliff v. Greyhound Lines, Inc.*, 558 F.2d 803 (5th Cir. 1977) to support its position. Under federal law, the appropriate statute of limitations for a claim raised under 42 U.S.C. § 1981 is determined by reference to the appropriate state statute of limitations. In *Cutliff*, the Fifth Circuit concluded that F.S. § 95.11(7)(b) later amended at § 95.11(4)(c) which deals with wage claims was the most analogous statute and therefore applicable to § 1981 actions. § 95.11(4)(c) provides for two years within which to file a complaint. Therefore, Defendant asserts that any claim for alleged discrimination occurring more than two years prior to the filing of the original complaint on July 28, 1976 is barred by the above cited statute of limitations and Plaintiff cannot state a cause of action for such alleged violations.

The Plaintiff alleges continuous discrimination rather than a single discriminatory act as precluding application of the two year limitation period under F.S. § 95.-11(4)(c). *See, e. g. Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 467 n.13, 95 S.Ct. 1716, 1723 n.13, 44 L.Ed.2d 295 (1975); *Prophet v. Armco Steel, Inc.*, 575 F.2d 579, 580 (5th Cir. 1978).

The Fifth Circuit in *Dumas v. Town of Mount Vernon, Ala.,* 612 F.2d 974 (5th Cir. 1980), held that where a complaint contains allegations of continuing discrimination, "it is incumbent upon the court in a pretrial determination of the existence of jurisdic-

tion to 'analyze the specific claims of continuous discrimination to make sure that true continuous discrimination charges have been alleged.'" 612 F.2d at 977, *quoting, Myles v. Schlesinger,* 436 F.Supp. 8, 14 (E.D. Pa.1976) (as amended 1977).

A plaintiff may not circumvent the limitations period by merely labeling an act a continuing violation. *Corbin v. Pan Am. World Airways, Inc.,* 432 F.Supp. 939 (N.D. Cal.1977). "Rather, a plaintiff must maintain that a pattern of discrimination or employment *presently exists* to perpetuate the alleged wrong." *Id.* at 944 (emphasis added). Plaintiff's claims of unequal treatment as to promotions and compensation involve ongoing aspects of the employer-employee relationship. These claims may properly be classified as acts of a continuing nature if they, as stated above, presently exist. The Plaintiff raises these claims as a former employee. Paragraph 6(d) of the Amended Complaint and paragraph d of Plaintiff's prayer for relief both indicate the present state of Plaintiff's employment with the Defendant.

This Court as did the Fifth Circuit in *Dumas,* finds Judge Larson's analysis of fact patterns, where continuing violations are alleged, to be persuasive. *See, Elliott v. Sperry Rand Corp.,* 79 F.R.D. 580 (D.Minn. 1978). Judge Larson cited the Eighth Circuit's decision in *Olson v. Rembrandt,* 511 F.2d 1228 (8th Cir. 1975) in stating that the continuing violation theory has no validity when asserted by a former employee. This position is consistent with the principle that for violations to be continuous in nature, they must presently exist. Discrimination as to former employees does not presently exist because they are now acts completed and finalized in the past.

■ It now must be determined whether Plaintiff's discriminatory allegations are time barred under § 1981. The Plaintiff has alleged a series of discriminatory acts that occurred from the year 1968 through the year 1977, without specifying exactly when the individual acts occurred during this time span. Pleaded in this manner, the Court is unable to determine which acts are timely and is therefore compelled to dismiss the Amended Complaint as to Plaintiff's § 1981 claim. *See, e. g. Nishiyama v. North American Rockwell Corp.,* 49 F.R.D. 288 (C.D.Cal.1970).

■ The Plaintiff also asserts a claim under 42 U.S.C. § 1982. The Amended Complaint cannot be construed to state a claim under § 1982. This statute applies to racial discrimination with respect to inheriting, purchasing, leasing, selling, holding and conveying real and personal property; *Foreman v. General Motors Corp.,* 473 F.Supp. 166 (E.D.Mich.1979) (as amended); *citing, Jones v. Mayer,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); it does not apply to employment discrimination claims.

■ The Defendant also contends that the Plaintiff in filing its Amended Complaint has not complied with Rule 15, F.R. Civ.P. by obtaining either leave of court or consent of counsel, thus apparently assuming that its Motion to Dismiss the original Complaint is a responsive pleading. However, a motion to dismiss is not a responsive pleading. *McLellan v. Mississippi Power & Light Co.,* 526 F.2d 870 (5th Cir. 1976). Accordingly, it is

ORDERED that:

1. Defendant's Motion to Dismiss the Amended Complaint is denied as to the Title VII claim, but is granted as to the claims under 42 U.S.C. §§ 1981 and 1982.

2. Plaintiff's claims under 42 U.S.C. §§ 1981 and 1982 are dismissed.

3. The Plaintiff shall have twenty days from the date hereof to file a second amended complaint to include her claims under 42 U.S.C. § 1981.