Joyce H. BREWSTER, Plaintiff,

v.

Buford E. SHOCKLEY, et al.,
Defendants.

Civ. A. No. 81–0275–A.

United States District Court,
W.D. Virginia.

Jan. 13, 1983.

Harriet D. Dorsey, Lou R. Long, Blacksburg, Va., for plaintiff.

Kenneth W. Thorson, Asst. Atty. Gen., Richmond, Va., James P. Jones, Bristol, Va., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This case is presently before the court on two motions to dismiss. One motion, on behalf of Buford E. Shockley, Wythe County, and the Wythe County Board of Supervisors, is filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The other motion, on behalf of the Compensation Board of the Commonwealth of Virginia and the Board members, is filed pursuant to Rules 12(b)(1), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure. The complaint is founded on the Civil Rights Act of 1964, Title VII, as amended, 42 U.S.C. § 2000e et seq. (1964).

Jurisdiction of the court for plaintiff's Title VII claim rests upon 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e–5(f)(3). The proper venue for this case on the basis of the alleged facts is the Western District of Virginia. 28 U.S.C. § 1392.

Briefly, the facts alleged in the complaint state that the plaintiff was an employee in the Wythe County Sheriff's Department from June 15, 1968 to December 31, 1979 and that she served in various capacities. In essence, she states that during the last five years of her employment she began performing the duties of a matron, at first on a part-time basis and later on a full-time basis. She states that during that time period all of the defendants prevented her from securing equal pay for work she did which was equal to jobs that men were performing in the sheriff's office. She states that Sheriff Shockley did not promptly secure her a position at a higher

rate of pay, that the members of the Board of Supervisors, *inter alia,* did not recommend that the plaintiff be appointed to a position which would properly compensate her for the work she did, and that the Virginia Compensation Board, *inter alia,* did not reclassify the plaintiff's position to one which would compensate her at the same rate as that men received in jobs involving work equal to hers. She also alleges that Sheriff Pike did not reappoint her to a deputy sheriff's position when he took office on January 1, 1980, because, she deduces from his action, she had filed employment discrimination complaints with federal agencies.

The defendants' motions to dismiss collectively raise three issues. First, the defendants claim that the plaintiff failed to allege in her complaint that she had followed proper administrative procedures as required by 42 U.S.C. § 2000e-5 prior to filing her complaint in federal court. Specifically, the defendants claim that the plaintiff failed to file a charge with the Equal Employment Opportunity Commission (E.E.O.C.); that if she did file a charge, it was not filed within 180 days after the alleged unlawful employment practice, as required by 42 U.S.C. § 2000e-5(e). Secondly, the plaintiff failed to specifically name the Compensation Board in a charge to E.E.O.C. thereby denying this court jurisdiction over that defendant. Finally, the defendants assert that the plaintiff has failed to state a claim upon which relief can be granted because she is not an employee within the meaning of 42 U.S.C. § 2000e(f).

The plaintiff countered the defendants' motions on the first issue by filing an amended complaint in which she alleged that she had followed the required administrative procedures prior to filing this action in federal court. Specifically, she alleges that she filed charges with E.E.O.C. alleging unlawful employment practices by the defendants within 180 days after the occurrence of the practices. Further, she alleges that she requested and received a right-to-sue letter issued by E.E.O.C. and the United States Department of Justice and that she filed this civil action within 90 days of her receipt of the right-to-sue letter. In the plaintiff's memorandum accompanying her amended complaint, the plaintiff concedes that she failed to name the Compensation Board in the charge to E.E.O.C., however, she alleges that the Board had actual notice of her claim of sex discrimination and that she filed the charge without assistance of counsel, and was therefore unaware of the Board's status as her employer.

## I.

## JURISDICTION UNDER TITLE VII

### A. *Jurisdictional Requirements*

 Courts uniformly hold that the only jurisdictional requirements for maintaining a suit under equal employment opportunity law are the timely filing of a charge of employment discrimination with the Commission and the filing of suit within the statutory time period after receiving a right-to-sue letter from the Commission. 42 U.S.C. § 2000e-5 (1981) and cases cited at note 231. Additionally, the fact that E.E.O.C. fails to give notice of a discriminatory employment charge to defendants, and/or fails to attempt conciliation with the defendants, does not deprive the court of jurisdiction in a suit filed by affected employees. *Russell v. American Tobacco Co.,* 528 F.2d 357 (4th Cir.1975), *cert. denied,* 425 U.S. 935, 96 S.Ct. 1666, 48 L.Ed.2d 176 (1976).

 The plaintiff alleges that she followed the jurisdiction requirements and the defendants assert either that she failed to follow these requirements or that she failed to allege facts sufficient to prove that she followed these requirements. The plaintiff need not prove all the facts that she alleges in order to overcome the defendants' motion to dismiss. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As there is a genuine issue of fact as to whether the plaintiff followed procedures required by 42 U.S.C. § 2000e-5, the court is of the opinion that defendants' motion to dismiss should be denied on this issue.

## B. Unnamed Defendants

■ The defendants also argue that this court lacks subject matter jurisdiction under Title VII with respect to defendants Compensation Board and its members because they were not named as respondents in the plaintiff's charge to E.E.O.C. In this regard, the statute provides that "a civil action may be brought against [any] respondent named in the [E.E.O.C.] charge ...." 42 U.S.C. § 2000e–5(f)(1). The defendants correctly state the general rule that, before a defendant may properly be sued under Title VII, he must first be administratively charged. *Mickel v. South Carolina Employment Service*, 377 F.2d 239 (4th Cir.1967), *cert. denied*, 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967). This requirement has the two-fold purpose of providing notice to the charged party, and of insuring that all relevant parties are brought before the E.E.O.C. so that the agency may attempt to secure voluntary compliance with the statute. To allow a plaintiff to bypass the agency and proceed directly in court against an uncharged party would frustrate at least this latter purpose of the Act.

■ There are, however, judicially created exceptions to strict application of the rule that before a defendant can be sued in court, he must have been named in the E.E.O.C. charge. One generally recognized exception is where the named defendant and the unnamed defendant are substantially identical or are, in essence, in an agency relationship. *Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3rd Cir.1977); *Goodman v. Board of Trustees of Community College*, 498 F.Supp. 1329 (N.D.Ill.1980); *Equal Employment Opportunity Commission v. International Brotherhood of Electrical Workers*, 476 F.Supp. 341 (D.Mass.1979). Another exception is recognized when the named defendant and unnamed defendant are engaged in a common discriminatory scheme the plaintiff has alleged facts in the E.E.

O.C. charge from which the E.E.O.C. could infer that the unnamed defendant also violated Title VII. *See* cases cited *supra; Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658 (9th Cir.1980).

■ The first exception, when named defendant and unnamed defendant are substantially identical or are in an agency relationship, appears to apply to the instant case. The relationship of the Board of Compensation of the Commonwealth of Virginia and the Wythe County Board of Supervisors should be viewed in light of the relationship of state government to local government in Virginia. Virginia is governed by Dillon's Rule which states that municipal corporations have only those powers which are explicitly or implicitly granted by the Commonwealth legislature. *Richmond v. Board of Supervisors of Henrico County*, 199 Va. 679, 101 S.E.2d 641 (1958). In this instance, the Board of Supervisors could not, without the approval of the State Compensation Board, grant the plaintiff's request for a pay increase.

The Code of Virginia provides the court with a good deal of information about the relationship a sheriff's deputy in Wythe County enjoys with persons who are or have been in the position of the defendants. The Commonwealth of Virginia pays two-thirds of a full time deputy's salary with the remaining one-third being paid by the respective county for which the deputy was appointed. *Va.Code Ann.* 14.1–79.[1] The respective number of full-time deputies, except those who work as treatment and rehabilitation employees, appointed by the sheriff is fixed by the Compensation Board after receiving any recommendation that a board of supervisors may desire to make. *Va.Code Ann.* 14.1–70. During the plaintiff's employment with the sheriff's department the salary of full-time deputies was determined solely by the Compensation Board. *Va.Code Ann.* § 14.1–73.[2] In mak-

---

[1] Also, with regard to all expenses incurred by full-time deputy sheriffs, they must keep records of these costs which are transmitted to the State Compensation Board and the Board of Supervisors and paid for by the same formula by which deputies' salaries are paid. *Va.Code Ann.* §§ 14.1–75; –76; –79.

[2] The Compensation Board's reply brief to the Plaintiff's Memorandum in Opposition to Defendants' Motions to Dismiss states that under

ing this determination, skill and experience were factors to be considered by the Compensation Board. *Va.Code Ann.* §§ 14.1–73 and –73.1, –73.2.

The sheriff controls the day-to-day duties and the manner of the execution of his appointees and has the power to "hire and fire" deputy sheriffs. *Va.Code Ann.* § 15.-1–48. On the other hand, the Board of Supervisors of Wythe County has the power to recommend the creation of an additional position for a matron which would have had to have been approved by the Compensation Board. In short, opportunities for advancement were dependent upon the Compensation Board approving the position and the Board of Supervisors creating the position. The plaintiff alleges that she would have been certified and approved for such a position had the plaintiff been a man.

The Board of Supervisors and the Sheriff acted as the State Board of Compensation's agent in certifying that the plaintiff was or was not eligible for certification as a full-time matron and therefore entitled to a certain level of compensation. Additionally, this court found in the companion action of *Brewster v. Pike* that because of the statutory relationship between the party defendants, all the defendants collectively were Ms. Brewster's employer. Therefore, viewed as the plaintiff's employer, the defendants are substantially identical.

The second exception, when the named defendant and the unnamed defendant are engaged in a common discriminatory scheme or that the plaintiff has alleged facts in the E.E.O.C. charge from which the E.E.O.C. could infer that the unnamed defendant also violated Title VII, also appears to be satisfied in this action. The court cannot ascertain from the complaint exactly what facts the plaintiff alleged in the E.E.O.C. charge; however, her complaint to this court clearly alleges a common scheme. Also, the E.E.O.C. should have been aware of the statutory scheme described above and therefore realized the necessary partici-

pation of all defendants in acting upon the plaintiff's requested status charge and pay increase.

As this court noted earlier, not only must one of the two exceptions be satisfied, it is important that the purpose of naming all defendants in the E.E.O.C. charge not be frustrated by allowing the plaintiff to come under one of the exceptions. In the instant case, it is undisputed that the Compensation Board had notice of Ms. Brewster's request for a pay increase based on her claim that she was not receiving equal pay for equal work. The pleadings indicate that Ms. Brewster requested this pay increase quite some time prior to filing this action, thus affording the Compensation Board ample opportunity to attempt to reconcile the dispute with Ms. Brewster. There is no evidence that the second purpose of the requirement, insuring that all relevant parties are brought before the E.E.O.C. so that the agency may attempt to secure voluntary compliance with Title VII, has been fulfilled as to any of the defendants. In fact, the defendants allege that the E.E.O.C. did not make any attempt to secure voluntary compliance from any of the defendants. If this allegation is true, that the defendant Compensation Board did not suffer any lack of opportunity to voluntarily comply that other defendants did not likewise suffer.

The District of Columbia United States Appellate Court articulates the rationale for the judicially created exceptions in *Evans v. Sheraton Park Hotel,* 503 F.2d 177 (U.S.App.D.C.1974). In *Evans,* the Court stated:

> We do not believe that the procedures of Title VII were intended to serve as a stumbling block to the accomplishment of the statutory objective. To expect a complainant at the administrative stage, usually without aid of counsel, to foresee and handle intricate procedural problems which could arise in subsequent litigation, all at the risk of being cast out of court for procedural error, would place a bur-

---

*Va.Code Ann.* § 14.1–73.1:1 the sheriff determined a full-time deputy's salary. However, this statute did not become effective until July

1, 1980, and therefore, it has no bearing on this case dealing with employment in a sheriff's office prior to that point in time.

den on the complainant which Congress neither anticipated nor intended.

*Id.* at 183.

In the same vein, the Third Circuit stated:

> As the *Evans* Court noted, much of the initiation of charges with the E.E.O.C. is done by laymen, as was true in the instant case. We cannot believe Congress intended that a person filing charges should accurately ascertain, at the risk of later facing dismissal of their suit, at the time the charges were made, every separate entity which in some way may have violated Title VII.

*Glus,* 562 F.2d at 888.

■ Both of the above stated judicial exceptions are aimed at insuring the availability of complete redress of legitimate grievances without undue encumbrance by procedural requirements when the purpose of the requirement is fulfilled without demanding full technical compliance. *See Id.* The court is of the opinion that the plaintiff has alleged sufficient facts to come under either exception without frustrating the twofold purpose of the requirement.

Accordingly, it is the opinion of this court that the Compensation Board's motion to dismiss for the plaintiff's failure to name the Board in the E.E.O.C. charge should not be granted.

## II.

### *Plaintiff as an "Employee"*

The defendants have also filed a motion to dismiss alleging that the plaintiff has failed to state a claim under Title VII because she is not an employee within the meaning of 42 U.S.C. § 2000e(f) which states:

> (f) The term 'employee' means an individual employed by an employer, except that the term 'employee' shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an

immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision.

To simplify the language of the statute and apply it to this case, if a person is a county employee who is not subject to the civil service laws of Virginia and is selected by the holder of a public elective office to serve on his personal staff, then she is not afforded protection under the Act. The court notes at the outset that there are very few cases which address the issue of whether a sheriff's employee is an employee as defined *supra.*

Applying the statute to the allegations of the pleadings the court notes that the plaintiff was employed by the sheriff's department in Wythe County, and that she was not subject to the civil service laws of Virginia. *Va.Code Ann.* § 2.1–116 (Repl.Vol. 1979). Also, it appears that the plaintiff was selected to be a deputy sheriff by Sheriff Shockley a holder of public elective office. However, it is not clear whether the plaintiff's job as a deputy sheriff was tantamount to being on the sheriff's "personal staff" or whether her position was one which was on the sheriff's "personal staff."

To the court's knowledge, no cases exist which speak to the issue of whether or not a deputy sheriff in Virginia is a member of a sheriff's "personal staff" for purposes of determining whether the exception is applicable. In *Howard v. Ward County,* 418 F.Supp. 494 (D.N.D.1976), the court considered whether a female deputy sheriff was an "employee" under 42 U.S.C. § 2000e and therefore had a cause of action based on Title VII of the Civil Rights Act of 1964.

In *Howard,* the court narrowly construed the exception to the definition of "employee." The *Howard* court noted that the sheriff in that case was an elected county official and that the plaintiff was not protected by North Dakota's civil service laws. The plaintiff in that case, as alleged in this case, started as an "office deputy" with

some responsibilities in arrest and custody situations where females were involved, and later became, in fact, a deputy with general law enforcement duties. The court found in that case that the plaintiff, assuming she was "chosen" by the sheriff, was not on the sheriff's "personal staff." The case stated that this exception was "aimed at persons such as ... a mayor's personal secretary ...." 418 F.Supp. 502.

In contrast, in *Kyles v. Calcasieu Parish Sheriff's Department,* 395 F.Supp. 1307 (W.D.La.1975), that court also faced the issue of whether a sheriff's deputy came within the definition of an "employee" as set forth in 42 U.S.C. § 2000e(f). In solving that issue, the court looked to Louisiana law to determine whether a sheriff and deputy sheriff were in an employer-employee relationship or whether they were in an appointer-appointee relationship. In reaching its decision, the court considered the following factors:

(1) whether the relationship between a sheriff and deputy sheriff was an official relationship or a private one;

(2) whether the deputy sheriff had an employment contract with the sheriff;

(3) whether a quasi-contractual relationship between sheriff and sheriff's deputy existed such that a deputy had a "reasonable expectation" of continuing a specific job assignment or of obtaining promotions or raises in any established manner;

(4) whether a seniority system was in effect for deputies by which assignment to a particular job, promotions or pay raises were granted.

■ The court is of the opinion that the determination of whether a sheriff's deputy is an "employee" under the Act should be made by considering evidence relevant to the factors used in the *Kyles* case and other like evidence rather than including wholesale, sheriff's deputies in the definition of "employee" as the *Howard* case did. To make such a wholesale inclusion would be to ignore the vast differences that exist between the sheriffs' departments in such urban counties of Virginia as Fairfax or Chesterfield and those in rural counties such as Lee or Northumberland.

■ The court notes that by statute in Virginia, deputy sheriffs are appointed as opposed to being hired on the basis of certain job qualifications. *Va.Code Ann.* § 15.1–48 (Cum.Supp.1979). Nevertheless, evidence as to other factors, like those set forth, *supra,* in this opinion is not before the court and the court makes no final ruling on this point until all of the evidence is fully developed on it. Therefore, the motion to dismiss on the grounds that the plaintiff is not an employee is overruled.

It appearing to the court that the instant case and the companion case, *Brewster v. Pike,* are now ripe, these two cases are hereby consolidated and will be set for trial.

An appropriate Order will be entered in accordance with this opinion.