**Barbara M. MATHEWS, and all others similarly situated, Geneva McKamie and Tarol Peacock, Plaintiffs,**

v.

**HOUSTON INDEPENDENT SCHOOL DISTRICT, a body politic and corporate, and Billy R. Reagan, Defendants.**

**C.A. No. H–83–4044.**

United States District Court,
S.D. Texas,
Houston Division.

Aug. 23, 1984.

Linda McKeever Bullard, Houston, Tex., for plaintiffs.

Kelly Frels, Janet Little Horton, Bracewell & Patterson, Houston, Tex., for defendants.

## ORDER

McDONALD, District Judge.

Came on to be heard the Motion for Summary Judgment of Defendants Houston Independent School District ("HISD") and Billy R. Reagan. Having considered the arguments of the parties and the applicable law, the Court is of the opinion that the Motion should be DENIED.

### I. Background

Plaintiffs are persons who applied for positions as classroom teachers with HISD and were not hired. Convinced that racial discrimination had tainted HISD's decision not to hire, Plaintiffs filed charges with the Equal Employment Opportunity Commission ("EEOC"). The charges named only HISD, not Reagan. Plaintiffs subsequently received right-to-sue-letters and filed the action at bar, naming HISD and Reagan as Defendants.

Defendants' Motion asks that the charges under Title VII, 42 U.S.C. § 2000e et seq. be dismissed because Reagan was not named in the charges filed with EEOC. Defendants argue that the failure to name Reagan deprives the Court of jurisdiction over the subject matter.

### II. Legal Standard

The Court has determined that the instant Motion should be treated as requesting summary judgment. See Fed.R.Civ.P. 12(b). Thus, in order for Defendants to prevail on their Motion, they must establish that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See Keiser v. Coliseum Properties, Inc., 614 F.2d 406, 410 (5th Cir.1980); Munoz v. International Alliance of Theatrical Stage Employees and Moving Picture Mach. Operators, 563 F.2d 205, 207, n. 1 (5th Cir.1977); Irwin v. United States, 558 F.2d 249, 251 (5th Cir.1977). In reviewing the pleadings, depositions, answers to interrogatories, admissions, and affidavits in order to determine whether a genuine issue of material fact exists, a court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. See Keiser, supra 614 F.2d 410; United States v. Hangar One, Inc., 563 F.2d 1155, 1157 (5th Cir. 1977); Irwin, 558 F.2d at 252.

### III. Discussion

Undisputedly, "timely filing of a complaint with the EEOC is a prerequisite to bringing a Title VII action in federal court." Crawford v. Western Elec. Co., Inc., 614 F.2d 1300, 1306 (5th Cir.1980), citing Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). However, the Fifth Circuit does not appear to have addressed the question of whether specifically naming each potential defendant in charge. That question was left open in Guerra v. Manchester Terminal Corp., 498 F.2d 641, 647 n. 6 (5th Cir.1974).

Defendants appear to argue in support of their Motion that the Fifth Circuit has implicitly held that a person must be named in the charge before he can be sued under Title VII. Defendants cite the Court to

*Crawford* and *Cutliff v. Greyhound Lines, Inc.*, 558 F.2d 803, 806 (5th Cir.1977). However, the Court considers that for two reasons neither of these cases stands for the proposition that a party must be named in the EEOC charge before he can be a defendant in a lawsuit. First, neither *Crawford* nor *Cutliff* enunciates such a rule. Second, *Crawford* and *Cutliff* are distinguishable from the suit at bar. In the former case, a defendant union was dismissed from a Title VII action because the union had not been named in the charge. However, no body affiliated to the union had been named in the charge in *Crawford;* in the instant lawsuit, HISD was named, and Reagan is Superintendent of HISD. *Cutliff* also differs from the instant action. The *Cutliff* Court did dismiss two defendants, a union and one of its locals, but the Court did so because plaintiff offered no proof that any charge had been filed against the union, the local, or any body affiliated with the union or local. *Cutliff,* 558 F.2d at 806.

Given that the Fifth Circuit has not spoken to the question presented by the case at bar, the Court has turned for guidance to other precedent from the Circuit and to courts in other jurisdictions who have addressed the question.

Initially, the Court notes that the Fifth Circuit has cautioned that, "[c]onsistent with the remedial purposes underlying Title VII, we construe employment discrimination charges with the 'utmost liberality', bearing in mind that such charges are generally prepared by laymen untutored in the rules of pleading." *Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir.1982), *quoting Terrell v. United States Pipe & Foundry Co.*, 644 F.2d 1112 (5th Cir.1981), *cert. granted sub. nom. International Molders and Allied Workers Union AFL–CIO, Local 342 v. Terrell*, 456 U.S. 968, 102 S.Ct. 2229, 72 L.Ed.2d 841 (1982), *cert. denied sub nom. Terrell v. International Ass'n of Machinists and Aerospace Workers*, 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982). *See generally Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972) (enjoining that focusing on the "technicalities" of an EEOC charge is "particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers initiate for process").

■ The courts that have addressed the issue the instant action presents have reached one of two conclusions. Some courts have held that an entity not named in an EEOC charge can never be a defendant in a Title VII lawsuit. *See, e.g., Le-Beau v. Libbey-Owens Ford Co.*, 484 F.2d 798 (7th Cir.1973), *appeal on remand*, 727 F.2d 141 (1984). A substantial number of other courts, though, have allowed plaintiffs to sue some persons not named in charges filed with the EEOC. *Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3d Cir.1977), *vacated on other grounds*, 451 U.S. 935, 101 S.Ct. 2013, 68 L.Ed.2d 321 (1981) *on remand* 654 F.2d 944 (3d Cir.1981); *Kaplan v. International Alliance of Theatrical and Stage Employees*, 525 F.2d 1354 (9th Cir.1975); *Jeter v. Boswell,* 554 F.Supp. 946, 950–52 (N.D.W.Va.1983) and cases cited *infra; Brewster v. Shockley*, 554 F.Supp. 365, 368–370 (W.D.Va.1983); *Goodman v. Board of Trustees of Community College Dist. 524*, 498 F.Supp. 1329, 1332–34 (N.D.Ill.1980); *Oliver v. Moberly Mo. School Dist.*, 427 F.Supp. 82, 84 n. 1 (E.D.Mo.1977); *Byron v. University of Fla.*, 403 F.Supp. 49, 53–54 (N.D.Fla. 1975). Generally, these cases have allowed suits against unnamed persons who were substantially identical with persons named in the charge,[1] or when the named and the unnamed defendants are alleged to have engaged in a common discriminatory scheme. The allegations theoretically would allow the EEOC to infer from the charge that the unnamed defendant violated Title VII. *Brewster,* 554 F.Supp. at 368 and cases cited *infra.* The *Glus* Court listed four factors that a district court should consider in determining whether to

---

1. For example, an agent whose principal was named in the charge could be sued under Title VII although only the principal was named in the charge.

allow a suit against an unnamed defendant proceed:

First, whether the plaintiff, through reasonable effort, could have ascertained the role of the unnamed defendant at the time she filed her EEOC complaint;

Second, whether the interests of the named defendant are so similar as the unnamed defendants that it would be unnecessary to include the unnamed defendant in the EEOC complaint for the purpose of obtaining voluntary conciliation and compliance;

Third, whether his absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed defendant; and

Fourth, whether the unnamed defendant has in some way represented to the plaintiff that his relationship with the plaintiff is to be through the named defendant.

*Jeter*, 554 F.Supp. at 951, *citing* 562 F.2d at 888.

The latter approach appears to the Court to be the better of the two. The approach allows for the mistakes of laypersons as *Price* instructs courts to do. At the same time, the approach safeguards unnamed defendants by ensuring that the requisite notice and conciliation at the administrative level[2] take place. In addition, the approach is consonant with prior Fifth Circuit rulings on similar issues. *See, e.g., Terrell*, 644 F.2d at 1123 ("reasonable limits of investigation," not literal wording of charge, define permissible scope of subsequent Title VII action); *Tillman v. City of Boaz*, 548 F.2d 592, 593 (5th Cir.1977) (*per curiam*) (letter sent to EEOC complaining of discrimination by two defendants "incorporated" into EEOC formal charge).

■ Turning to the case at bar, the Court finds that applying the approach described above precludes the granting of summary judgment. What relationship exists between Reagan and HISD in terms of

the hiring practices Plaintiffs challenge is unclear from the record; in addition, Defendants have presented no evidence regarding Reagan's notice of EEOC efforts to investigate and/or settle the controversy giving rise to the case at bar.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the Motion be and hereby is DENIED.

The Clerk shall file this Order and provide a true copy to counsel for all parties.

**2.** *See Equal Employment Opportunity Comm'n v. Shell Oil Co.,* —— U.S. ——, 104 S.Ct. 1621, 1635, 80 L.Ed.2d 41 (1984) (notice provision apprises employers of complaints against them and facilitates conciliation efforts that can avoid litigation of Title VII claims).